CLERK OF COURT
SUPREME COURT. CNMI
FILED

93 MAY 12 P 1: 34

BY: _____

120

# IN THE SUPREME COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| JESUS RAMON A. SONODA, | ) | APPEAL NO. 92-017 |
| | ) | CIVIL ACTION NO. 90-1035 |
| Plaintiff/Appellee, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARIA A. VILLAGOMEZ and | ) | |
| CARMEN A. PABLO, | ) | |
| | ) | OPINION |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RUSSELL H. TANSEY, | ) | |
| | ) | |
| Appellant. | ) | |

Submitted on the Brief Without Oral Argument
February 24, 1993

Counsel for Appellant:    Russell H. Tansey
P.O. Box PPP 495
Saipan, MP 96950

Counsel for Appellee:    Richard W. Pierce
WHITE, MAILMAN, NUTTING & PIERCE
P.O. Box 222 CHRB
Saipan, MP 96950

BEFORE: VILLAGOMEZ, Justice; HILLBLOM and KOSACK, Special Judges.

VILLAGOMEZ, Justice:

### I.

This is an appeal of a $1,000.00 sanction imposed on

537

defendants' associate counsel.[1] We are asked to determine (1) whether local counsel may be sanctioned _sua_ _sponte_ without notice and a hearing and (2) whether local counsel has the responsibility to assure that the defendants are ready to proceed on the day of trial and that failure to do so is sanctionable.

## II.

### PROCEDURAL BACKGROUND

Appellant, Russell H. Tansey ("Mr. Tansey"), is the local counsel for the defendants Maria A. Villagomez and Carmen A. Pablo. The defendants were initially represented by David S. Terlaje ("Mr. Terlaje"), a Guam attorney admitted to practice in the Commonwealth who does not maintain an office in the Commonwealth.

The parties initially stipulated to the trial date of March 16, 1992. Subsequently, they stipulated to continue the trial to May 28, 1992, and the trial court so ordered.

On May 13, 1992, Mr. Terlaje filed with the court by facsimile a substitution of attorney dated May 11, 1992, signed by himself as attorney for the defendants and by the two defendants. The substitution of attorney stated that the defendants substituted themselves pro se, in place of Mr. Terlaje, as their counsel.[2] The document did not mention Mr. Tansey or make any change with respect

---

[1] Rule 4 of the Rules of Admission for Attorneys provide: "Any attorney admitted to practice law in the Commonwealth who does not maintain an office in the Commonwealth may be required . . . to associate with an attorney admitted to practice in the Commonwealth who maintains an office in the Commonwealth." The associated counsel is commonly known as "local counsel."

[2] Although the document is entitled "substitution of attorney," the trial court correctly viewed Mr. Terlaje's action as a withdrawal of counsel without leave of court.

to his acting as local counsel. Mr. Tansey did not sign the document. No motion was filed for Mr. Terlaje to withdraw as counsel. No substitution of counsel by another attorney was presented to the court.

Mr. Terlaje mailed the original substitution of attorney directly to the Superior Court. He did not consult Mr. Tansey regarding the substitution of attorney and Mr. Tansey was not aware of it until subsequently.

On May 29, 1992, the trial court further continued the trial to July 9, 1992. It later amended the trial setting and moved the trial up to June 9, 1992.

One day before the June 9th trial, the defendants, through their new counsel, James S. Brooks, moved for a continuance on the basis that they were not prepared for trial.

On the day of trial, the defendants appeared with their new counsel, Mr. Brooks, and local counsel, Mr. Tansey. Plaintiff appeared with counsel and they were ready to proceed to trial. Defendants were not ready because their new counsel was not ready.

The trial court granted the defendants' motion for continuance but sanctioned Mr. Terlaje and Mr. Tansey $1,000.00 each. Mr. Terlaje was sanctioned for violating Rule 5 of the Com.R.Prac. and Mr. Tansey was sanctioned for failing in his responsibility to either have the defendants ready for trial on June 9, 1992, or advise the court and opposing party in advance that defendants needed more time to hire new counsel. Mr. Tansey explained to the court that he was not at fault and should not be sanctioned.

539

The relevant verbal exchanges between the court and Mr. Tansey are as follows:

> THE COURT: Well, the problem that I have with, I'll tell you, with both counsel, both you and Mr. Tansey and David Terlaje, is you know the rules. The rules, under the Rules of Practice, Rule 5(d), you just cannot go to your client and get a substitution on the eve of trial. You must have leave of court. And to come in and -- I'm going to -- I'm not going to find fault on the defendants themselves, I'm going to find fault on the attorneys in this case. What's your cost in this, Mr. Pierce?
>
>                 . . .
>
> MR. PIERCE: Approximately $1,000, Your Honor.
>
> THE COURT: Okay. Mr. Tansey, the court will order you to pay Mr. Pierce $1,000. The case will be continued in July. You know the rules, Mr. Tansey; you know the rules.
>
>                 . . .
>
> THE COURT: Yes. And this is not to be charged to the clients, with respect to the $1,000 payable to Mr. Pierce.
>
> MR. TANSEY: For the record, Your Honor, I would like to point out to the court that I was not involved in that substitution of counsel. The document was prepared by Mr. Terlaje's office and sent over here and it didn't even purport to remove me as counsel. I had no hand in that. My point is simply that the court is levying a fine upon me when this is Mr. Terlaje's act.
>
> THE COURT: Well, you get a hold of Mr. Terlaje but this court is going to be watching Mr. Terlaje closely. This is something else to have continuances and continuances with a trial date set and then leave the client. You, as local counsel, whether the bulk of the responsibility is Mr. Terlaje's, you get together with Mr. Terlaje on this matter.
>
> MR. TANSEY: Your Honor, I feel I must also advise the court that after all this occurred and I had a phone conversation with Mr. Terlaje, he did not give me that version of the event at all; entirely a different one. He stated to me that in effect he had been fired by his client.

540

> THE COURT: Well, regardless of that, you should have brought this matter before the court . . . .
>
> MR. TANSEY: I don't dispute that, your Honor.

Whether Mr. Tansey should have been given an opportunity for a hearing is a question of law which we review de novo. Also, whether Mr. Tansey (as local counsel) could be sanctioned for the defendants' lack of preparation for trial and failure to inform the court and opposing counsel of a need for another continuance is a question of law which we review de novo.

## III.

### A. Sanction without a hearing.

The court has the inherent judicial power to enforce its promulgated rules and may impose sanctions upon attorneys who violate the rules. CNMI v. Borja, No. 91-010, slip op. at 12 n. 13 (N.M.I. 1992). However, before exercising such inherent power to sanction, the court must allow the attorney fair notice and an opportunity for a hearing on the record. The attorney shall have the opportunity to demonstrate that his/her questionable conduct was not undertaken recklessly or wilfully or in bad faith. Borja at 13. The type and the amount of monetary sanction is discretionary.

The records on appeal show that at the hearing in which the court sanctioned Mr. Tansey, he tried to explain that he should not be sanctioned because it was Mr. Terlaje who violated the rules. The court did not allow him to fully present the facts and

541

circumstances surrounding the sanctionable conduct but concluded that since Mr. Tansey was local counsel, both he and Mr. Terlaje should be sanctioned.

The court did not find whether Mr. Tansey acted recklessly or wilfully or in bad faith. Therefore, the sanction was improper. The trial court failed to comply with the above described procedure and requirement.

### B. Failure of local counsel to have defendants ready for trial.

The trial court placed upon Mr. Tansey, as local counsel, the responsibility to do one of two things: (1) to have defendants ready to proceed on the day of trial or (2) to promptly advise the court, in advance of the trial date, of the need for continuance to allow defendants to obtain new counsel. Since Mr. Tansey failed to do either, the court sanctioned him. Mr. Tansey contends that, as local counsel, he was ready to proceed to trial.[3] As to the substitution of attorney filed by Mr. Terlaje, he did not know about it, and as local counsel, Mr. Tansey should not be held responsible for it.

The rule regarding local counsel is set forth in Rule 4 of the Rules of Admission for Attorneys to Practice in the Commonwealth.[4]

The rule does not state its purpose or the duties and

---

[3] This conclusion is not supported by the record on appeal. The record does not show how he was prepared for trial, such as, whether he had researched all the relevant legal points, prepared all his witnesses, prepared to cross-examine opposing witnesses, prepared maps and land documents as exhibits, and so forth.

[4] See footnote 1 on page 2.

responsibilities of a local counsel. Although the rule, as it exists today, was promulgated by the Supreme Court after the enactment of the Commonwealth Judicial Reorganization Act of 1989, this rule was initially adopted by the trial court and came into effect on January 21, 1985, as Rule 4 of the "Rules of Admission for Attorneys to Practice in the Commonwealth Trial Court."

The purpose of the rule, when promulgated by the Commonwealth Trial Court, and after re-promulgation by the Supreme Court, is to facilitate the normal course of serving and receiving documents and avoiding the normal problems associated with delayed mail, lost mail, difficulty in communicating with off-island counsel, and inability of off-island counsel to appear in court upon short notice or under emergency situations.

Based on the purposes for which the rule has been promulgated, the duties and responsibilities of local counsel are as follows:

(1) to receive, on behalf of off-island counsel, service of documents filed with the court so that off-island counsel would be bound by the date and time of service;

(2) to promptly relay to off-island counsel all communications and documents received from opposing counsel or the court;

(3) to promptly communicate to opposing counsel and the court all communications received from off-island counsel which is intended to be transmitted to the opposing counsel and the court;

(4)    to appear in court, upon short notice in justified emergency situations;

(5)    to facilitate proper and efficient management of court proceedings and to prevent unnecessary delays, elements of surprise, miscommunications, and the like;

(6)    to appear in a regularly scheduled court hearing, short of trial, when off-island counsel cannot appear because of sickness, flight scheduling, typhoons, etc. or to seek continuance of the hearing.

In the instant case, it is clear that the off-island counsel, Mr. Terlaje, dealt directly with the client and the court with respect to his withdrawal as counsel.  The trial court found that he violated a court rule.  Under the circumstances, the sanction imposed upon the off-island counsel appears justified.[5]

With respect to Mr. Tansey, unless the trial court finds, after a hearing, that he recklessly or willfully or in bad faith failed to have the defendants ready for trial or to advise the court in advance that the defendants would need a continuance in order to obtain new counsel, the imposition of the $1,000.00 sanction was improper.

For the above reason, we **VACATE** the imposition of sanction against Mr. Tansey and **REMAND** this case for the trial court to grant him the opportunity to be heard on the record and to determine whether Mr. Tansey's action or inaction was done either

---

[5] The fact that off-island counsel was sanctioned without an opportunity for a hearing has not been appealed and is not before us.  There is no reason why the $1,000.00 sanction imposed upon Mr. Terlaje should not be paid to plaintiff's counsel as was ordered of Mr. Tansey.

recklessly or willfully or in bad faith. If so, then the trial court may impose the sanction.

Dated this 12th day of May, 1993.

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
LARRY L. HILLBLOM, Special Judge

_____
REXFORD C. KOSACK, Special Judge